UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **SA CV 24-2668 JFW(KESx)**                                      Date: December 13, 2024

Title:     Woodbridge Meadow Apartments, LLC -v- Cristal Charlton

---

**PRESENT:**

    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    Shannon Reilly                              None Present
    Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT

On October 22, 2024, Plaintiff Woodbridge Meadow Apartments, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Cristal Charlton ("Defendant") in Orange County Superior Court. On December 9, 2024, Defendant filed a Notice of Removal, alleging that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332 based on the "Protecting Tenants at Foreclosure Act," 12 U.S.C. § 5220 ("PTFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant fails to meet her burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Defendant alleges in her Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of

jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). "Federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the [PTFA]," like Defendant attempts here. *Lender Servicing LLC v. Shokoor*, 2012 WL 2934996, at *4 (E.D. Cal. July 18, 2012). Accordingly, there is no federal question jurisdiction presented by Plaintiff's action. In addition, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. §1332. The amount demanded on the face of the Complaint is alleged not to exceed $35,000 – well below the statutory threshold of $75,000.00. Moreover, Defendant fails to allege the citizenship of the parties.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Orange County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.